IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING SEVERALLY TO POLICY NO. BO595NOHW46387019, <br><br> Plaintiffs, <br><br> v. <br><br> BLOCK MULTIFAMILY GROUP, LLC D/B/A BLOCK MULTIFAMILY POWER GROUP, <br><br> Defendant. | § § § § § § § § § § § § § § § § § Civil Action No. 4:21-cv-00456-P |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs Certain Underwriters at Lloyd's, London Subscribing Severally to Policy No. BO595NOHW46387019's Motion to Remand (ECF No. 6), Defendant Block Multifamily Group, LLC d/b/a Block Multifamily Power Group's Response and Motion to Strike (ECF No. 10), and Plaintiffs' Reply (ECF No. 13). Having considered the briefs and applicable law, the Court concludes that Plaintiffs' Motion to Remand should be and hereby is **GRANTED.**

## BACKGROUND

Following a dispute about an insurance policy between Plaintiffs and Defendant, Plaintiffs filed the underlying original petition to appoint an umpire in the 48th District Court of Tarrant County, Texas. ECF No. 1. The dispute concerns the value of property and the amount of loss recoverable under the policy. *Id.* In their original petition, Plaintiffs

identify as being "Certain Underwriters . . . each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest . . . ." ECF No. 1-5 at 2. Plaintiffs further allege that they are citizens of a foreign state. *Id.* at ¶ 2.2. The sole relief Plaintiffs seek is for the appointment of an umpire consistent with the terms and conditions of the insurance policy. *Id.* at 5.

Defendant removed the case to this Court on the basis of diversity jurisdiction, alleging that Plaintiffs are foreign citizens of England and that Defendant is a citizen of Missouri. ECF No. 1 at 3. Defendant further alleged that the amount in controversy exceeds $75,000 because the value of the underlying dispute based on Plaintiffs' own estimate is at least $177,023.21. *Id.* at 4. Shortly thereafter, Plaintiffs filed their Motion to Remand on the ground that Defendant has improperly conflated Lloyd's of London—a specific entity—with the Plaintiffs in this case—over 1,600 individual underwriters or "Names." Motion to Remand at 1–2. Relying on *Corfield v. Dallas Glen Hills, L.P.*, 355 F.3d 853 (5th Cir. 2003), Plaintiffs explain the distinction as follows:

> [Lloyd's of London] is a self-regulating entity that operates and controls an insurance market for the buying and selling of insurance risk among its members. The members who finance the insurance market and ultimately insure risks are called "Names." Each Name is exposed to personal liability for his, her, or its proportionate share of a loss on a policy to which the Name has subscribed. Typically, hundreds of Names will subscribe to a single policy through one or more syndicates. The syndicates bear no liability for the risk on a Lloyd's policy, and they do not have any contractual relationship with the insured. Rather, each Name is "contractually bound on an individual basis to the insured," and is severally liable for the proportion of the risk to which he, she, or it has subscribed.

*Id.* at 2 (internal citations omitted). Plaintiffs then quote the instant policy to demonstrate that the Names are severally and *not* jointly liable for the insured risk:

2

> Each member [i.e. Name] has underwritten a proportion of the total shown for the syndicate (that total itself being the total of the proportions underwritten by all the members of the syndicate taken together). The liability of each member of the syndicate is several and not joint with other members. A member is liable only for that member's proportion. A member is not jointly liable for any other member's proportion. Nor is any member otherwise responsible for any liability of any other (re)insurer that may underwrite this contract.

*Id.*

Building on these propositions, Plaintiffs argue that the real amount in controversy is measured by the maximum liability attributable to the more than 1,600 "Names," which based on the structure of the instant insurance policy is $142.56. *Id.* at 3. Plaintiffs present evidence of the Names subscribing to the instant insurance policy as well as evidence of the subscription allocation. ECF No. 6-1–6-3. Thus, Plaintiffs conclude that at most a Name could be liable for is $142.56, so Defendant must but cannot establish the amount in controversy as to each Certain Underwriter.[1]

---

[1] Judge Mazzant helpfully explained the uniqueness of litigation involving Lloyd's of London:

> Lawsuits involving Lloyd's of London are unique. As the Fifth Circuit explained in *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853 (5th Cir. 2003): "Lloyds of London is not an insurance company . . . . Thus, a policyholder insures *at* Lloyd's but not *with* Lloyd's." 355 F.3d at 857–58. Usually, a Lloyd's policy has several "Syndicates," which are collectively responsible for 100% of the policy's coverage. *Id.* at 858. But these "Syndicates" are "creature[s] of administrative convenience"—Syndicates have no independent legal identity, and they bear no liability for the risk on a Lloyd's policy. *Id.*
>
> The members who belong to these Syndicates—and bear the liability for the risk—are called "Names." *Id.* The Names "finance the insurance market and ultimately insure risks." *Id.* These Names may be individuals, corporations, or unincorporated entities. *See id.* Typically, "hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint." *Id.* The Names are contractually committed to the insured; a Syndicate, which is simply a

3

In response, Defendant argues that the cases cited by Plaintiffs are inapposite because they arise when Lloyd's of London was a defendant rather than plaintiff. ECF No. 11 at 7. Defendant further argues that Plaintiffs brought this case by a lead underwriter who is wholly liable, so the real party in interest is the lead underwriter and consequently, Defendant need only establish the total amount of liability as to the lead underwriter. *Id.* at 7–8. Finally, Defendant moves to strike Plaintiffs' evidence attached to their Motion to Remand. *Id.* at 9–10.

In their reply, Plaintiffs reiterate that the real parties in interest are each individual Underwriter. ECF No. 13 at 1–2. Finally, Plaintiffs assert that the Fifth Circuit's decision in *Team One Properties, LLC v. Certain Underwriters at Lloyd's of London*, 281 F. App'x 323 (5th Cir. 2008) has definitively established that the "amount in controversy be established for each individual Name subscribing to a Lloyd's of London policy." *Id.* at 2. And Plaintiffs contend that no case post-dating *Team One Props., LLC* holds otherwise. *Id.*

Having considered the parties' briefs, the record, and applicable law, and as explained more fully below, the Court concludes that this Circuit's controlling authority requires remand.

---

group of Names, does not have a contractual relationship with the insured. *Id.* at 859. But, "[t]he insured does not have to sue each Name individually [ ] to collect on their individual promises." *Id.* So, when there is litigation involving a Lloyd's policy, the lead underwriter on the policy typically appears as a representative on behalf of all Names. *Id.*

*Xome Settlement Servs., LLC v. Certain Underwriters at Lloyd's, London*, No. 4:18-CV-00837, 2020 WL 512507, at *3 (E.D. Tex. Jan. 31, 2020) (Mazzant, J.).

## LEGAL STANDARD

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). But courts must strictly construe the removal statute because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992). The removing defendant bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

In order to remove a case to federal court a defendant must comply with the statutory requirements of 28 U.S.C. §§ 1441 and 1446. *First*, the district courts of the United States must have original jurisdiction, which requires either a federal question or diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332, 1441(a). *Second*, the defendant must file a notice of removal with the district court, containing "a short and plain statement of the grounds for removal," as well as "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a).

# ANALYSIS

**A.     Defendant's Motion to Strike the Jones Declaration and Exhibits is denied.**

The Court first addresses Defendant's Motion to Strike Plaintiffs' counsel's declaration and the attachments thereto, which are a list of names subscribing to the instant policy. ECF No. 11 at 9–10. Defendant objects on the grounds that the documents are not properly authenticated and are inadmissible hearsay. *Id.* Plaintiffs respond that jurisdictional evidence considered in the context of a motion to remand is not required to be authenticated or otherwise presented in admissible form. ECF No. 13 at 5 (citing *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1156 n.2 (11th Cir. 2021); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)). The Court agrees with Plaintiffs.

Therefore, Defendant's Motion to Strike should be and hereby is **DENIED.**

**B.     Defendant cannot establish the amount-in-controversy as to each Name.**

Because there is really no dispute that the policy was issued at Lloyd's of London and that the $75,000 jurisdictional minimum cannot be met as to each "Name" subscribing to the instant policy, "well-established" rules in this Circuit provide that "the amount in controversy must be established for each individual Name subscribing to a Lloyd's of London policy when either (1) all the Names are party to the suit, or (2) when the Name or Names who are party to the suit are litigating in a representative capacity for the other Names." *Cronin v. State Farm Lloyds*, No. H-08-1983, 2008 WL 4649653, at *6 (S.D. Tex. Oct. 10, 2008).

In this case, Plaintiffs unequivocally represent that "the original petition was brought by all Names subscribing to the Policy." Motion at 4. Thus, because Defendant

"must accordingly show that the jurisdictional amount is met as to each individual Name," *Xome Settlement Servs., LLC*, 2020 WL 512507, at *5, and because it is undisputed that the jurisdictional amounts as to each individual Name are below $75,000, this case should be remanded.

Defendant's argument regarding the lead underwriter as the real party in interest is essentially the same as the argument presented in *Xome Settlement Services, LLC*. In that case, the insured argued against remand because only the syndicates were named parties (and not the Names) and if Plaintiffs had intended the Names to be the real parties in interest, they should have made it clear in the pleadings. *Id.* The Court rejects this argument for the same reason Judge Mazzant did: "Courts within the Fifth Circuit have held that filing suit against 'Certain Underwriters at Lloyd's' is synonymous with suing every Name subscribing to the policy." *Id.* at *4 (citing *Team One Props LLC*, 281 F. App'x at 323).

Defendant's argument that Plaintiffs' supporting cases are inapposite because Lloyd's was the defendant is unavailing because Lloyd's is not the plaintiff in this case—Plaintiffs (plural) are Certain Underwriters. Moreover, Defendant presents no authority to suggest that an amount in controversy calculus involving certain Lloyd's underwriters is different based on whether the underwriters are plaintiffs or defendants. And because liability among the Names is several under the instant policy, it cannot be aggregated in order to satisfy the jurisdictional amount. *Cronin*, 2008 WL 6449653, at *5. Therefore, the Court concludes that Plaintiffs' Motion to Remand should be and hereby is **GRANTED.**

Defendant's argument as to Plaintiffs being the exclusive source of information regarding citizenship and liability of individual underwriters is well-taken, and when coupled with the time constraints for removal, it precludes the award of attorney's fees that Plaintiffs seek. Thus, Plaintiffs' request for attorney's fees should be and hereby is **DENIED.**

## CONCLUSION

Therefore, the Court concludes that Plaintiffs' Motion to Remand should be and hereby is **GRANTED,** and Plaintiffs' request for attorney's fees is **DENIED.** This case is **REMANDED** to the **48th District Court of Tarrant County, Texas**. The Clerk of this Court is **INSTRUCTED** to mail a certified copy of this Order to the District Clerk of Tarrant, County, Texas.

**SO ORDERED** on this **21st day** of **June, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE